*MCMAKEN, J*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ARNOLD SCHANFIELD, individually and on : 07 Civ. 9716 (CM) (JCF)
behalf of others similarly situated, :
: **STIPULATION AND ORDER**
Plaintiff, : **OF CONFIDENTIALITY**
:
- against - :
:
SOJITZ CORPORATION OF AMERICA; JUN :
MATSUMOTO in his official and individual :
capacities; and TAKASHI TSUKADA in his :
official and individual capacities, :
:
Defendants. :
------------------------------------------------------------- X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/08

**IT IS HEREBY STIPULATED AND AGREED** by Plaintiff Arnold Schanfield and

Defendants Sojitz Corporation of America ("SCA"), Jun Matsumoto ("Matsumoto") and Takashi

Tsukada ("Tsukada"), (collectively the "Parties"), through their undersigned counsel, that the

following provisions shall govern the treatment of documents and information (including

information conveyed by the Parties or their counsel in any communication, whether written or

oral) provided in connection with this case;

   1.    All documents and information produced by or obtained from any party in this

case, whether or not designated as "Confidential," shall be used solely by the receiving party for

the purpose of prosecuting and/or defending the above-referenced action and shall in no way be

used in any other matter, dispute, or litigation.

   2.    The Parties may designate as "Confidential" any information that either party, in

good faith, believes contains or discloses confidential information, including, without limitation,

non-public, sensitive or financial information ("Confidential Information"). If written, the

Parties may designate Confidential Information by stamping each page thereof containing such

Confidential Information with the legend "Confidential" at the time of production. In the case of testimony, or other Confidential Information disclosed during the course of the case, whether on the record or in communications between counsel, the Parties may designate such information as Confidential by stating on the record that such testimony shall be Confidential, and/or by designating such information as Confidential in a written notice. Failure to designate material, electronic or as disclosed in any other media, as Confidential shall not be deemed a waiver of any claim of Confidentiality as to such material, and the same thereafter may be corrected by supplemental written notice. It is not a violation of this Confidentiality Stipulation to have disclosed information not previously designated as Confidential that is subsequently designated as Confidential by one of the Parties.

3. Any copy or reproduction of documents containing Confidential Information, or documents that otherwise refer to Confidential Information also shall be treated as confidential in accordance with the provisions of this Stipulation. Any summary or description of documents containing Confidential Information, whether written or oral, shall also be treated as Confidential in accordance with the provisions of this Stipulation.

4. Except with the prior written consent of the producing party or prior order of the Court, information designated Confidential may be disclosed only to the persons described in Paragraphs (a) through (f), below:

    (a) the United States District Court, Southern District of New York (and any appellate court);

    (b) the court reporter(s) employed in this action;

    (c) counsel of record in this case (together with their legal assistants and clerical staff) and, where applicable, in-house counsel and Human Resources personnel;

2

 (d) Plaintiff;

 (e) Defendants, including where applicable, Defendant SCA's directors, officers, employees, insurers, and auditors;

 (f) Witnesses whom the Parties reasonably believe to be relevant to the case, including consulting experts and expert witnesses, provided that documents shown to such witnesses are limited to those reasonably believed to be relevant to the witnesses' involvement in the case and provided that such witnesses agree to return or destroy all copies of any document containing Confidential Information.

5. Before any person listed in paragraph (f) is provided access to Confidential Information, the lawyer shall make such person aware of his or her obligations under this Confidentiality Stipulation by giving him or her a copy of this Stipulation to read and by ensuring that the person execute the Undertaking Concerning Confidential Material Covered by Stipulation of Confidentiality, in the form attached hereto as Exhibit A. The Parties agree that an oral representation while under oath from a witness testifying in this case that he or she will maintain the confidentiality of documents designated as Confidential shall be sufficient to satisfy this provision.

6. No documents or information designated as Confidential shall be filed in the public record of this matter unless under seal or as otherwise agreed to by the producing party.

7. For all information designated as Confidential, Counsel for the Parties agree to:

 (a) keep such information within their exclusive possession and control, except when Confidential Information is in actual use by a person authorized to use it pursuant to this Stipulation;

(b) maintain and control the Confidential Information in such a manner as to prevent the disclosure of its contents to persons not so authorized by this Stipulation or to prevent an unauthorized use of the information by persons otherwise authorized to see the information; and

(c) take reasonable steps to ensure that any such Confidential Information used by persons pursuant to this Stipulation be returned to Counsel or destroyed as soon as the information is no longer necessary to that person's participation in the case, notwithstanding paragraph 9 of this Stipulation.

8. This Stipulation shall not be construed as a waiver by either party of any objections to production of documents, of any privilege recognized by law or of the right to challenge documents designated as Confidential as not being confidential and therefore not subject to the restrictions of this Stipulation.

9. The Parties agree that any inadvertent production of privileged documents shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any type. The Parties agree, however, that the disclosure of any particular document shall cease to be "inadvertent" if, three (3) business days after the receiving party notifies the producing party that it has received the document, the producing party does not request the return of such privileged document. The Parties agree to return any privileged material inadvertently disclosed immediately upon notice of the disclosure and that no copies will be made of the inadvertently disclosed document.

10. Within ninety (90) days of the conclusion of the captioned action—including any appeal—all documents, transcripts or exhibits and other tangible materials not on file with the Court which constitute, reproduce, or reflect any documents or information designated as

Confidential (and all copies thereof) shall be destroyed or returned to Plaintiff and Defendants, respectively, unless otherwise agreed by the Parties. If a Party chooses to destroy Confidential Information rather than return it to the producing party, it will provide the producing party with a letter certifying that the Confidential Information has been timely destroyed. All portions of summaries or other work product that contain or reflect Confidential Information (and all copies thereof) shall be destroyed within ninety (90) days of the conclusion of the captioned action and any appeals arising therefrom. The conclusion of this case shall not relieve any person who has received Confidential Information pursuant to this Stipulation from the obligation of maintaining the confidentiality of such material and the information contained therein.

11.     Any Party, at any time while the action is ongoing, may challenge the Confidential designation of any document or information. Before seeking intervention from the Court, however, the Parties will attempt to resolve any challenge in good faith. If no agreement between the Parties is reached, the challenging party may apply to the Court for a ruling. Pending a ruling by the Court, the documents/information for which the Confidential designation is challenged shall retain the Confidential designation and the challenging party shall continue to treat such documents/ information as confidential.

12.     The Court shall have the power to enforce this Stipulation.

13.     Should any document or information provided pursuant to this Stipulation be disclosed, released or used for any purpose in violation of the terms or intent of this Stipulation, the Parties have determined and agreed that they have no adequate remedy at law for the breach of this Stipulation and will be entitled to declaratory or injunctive relief to redress violations of the terms hereof.

14. If Confidential Information designated in accordance with the procedures of this Stipulation is disclosed to any person other than in the manner authorized by this Stipulation, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record, and, without prejudice to other rights and remedies of the provider, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

15. This Stipulation may be modified by subsequent agreement of the Parties, but only in a written agreement signed by the Parties or their counsel.

16. The foregoing is without prejudice to the right of any party hereto to apply to the Court for a lesser or further protective order relating to any document and/or information provided pursuant to this Stipulation, and/or to take whatever other steps reasonably necessary to safeguard Confidential Information.

17. The provisions and terms of this Stipulation shall not terminate at the conclusion of this proceeding.

18. Nothing herein shall prevent either party from making whatever use of its own Confidential documents and/or information that it or he wishes.

19. This Stipulation may be executed in two or more counterparts, all of which shall be considered the same as if a single document shall have been executed, but shall become effective when such counterparts have been signed by each of the Parties' counsel hereto and delivered to the undersigned representatives of each of the Parties. For purposes of the execution of this document, faxed signatures shall be deemed to have the same effect as an original signature.

6

20. This Stipulation shall be governed by New York law.

Dated: New York, New York
March 11, 2008

| | |
|---|---|
| SIDLEY AUSTIN LLP | THOMPSON WIGDOR & GILLY LLP |
| By: *Laura H. Allen* <br> Laura H. Allen <br> Cliff Fonstein <br> Joanne Seltzer | By: *Douglas H. Wigdor* <br> Douglas H. Wigdor <br> Kathryn J. Webber |
| 787 Seventh Avenue <br> New York, New York 10019 <br> (212) 839-5300 <br> Attorneys for Defendants | 350 Fifth Avenue <br> New York, New York 10118 <br> (212) 297-0100 <br> Attorneys for Plaintiff |

SO ORDERED:

*/s/ signature/*
U.S.D.J.

3-12-08

7

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
ARNOLD SCHANFIELD, individually and on  : 07 Civ. 9716 (CM) (JCF)
behalf of others similarly situated,
          Plaintiff,
   - against -
SOJITZ CORPORATION OF AMERICA; JUN
MATSUMOTO in his official and individual
capacities; and TAKASHI TSUKADA in his
official and individual capacities,
          Defendants.
----------------------------------------------------------------- X

### Undertaking Concerning Confidential Material
### Covered by Stipulation of Confidentiality

I hereby acknowledge that I have read the foregoing Stipulation of Confidentiality in the above-captioned matter, that I understand the terms thereof, that I agree to be bound by such terms, and that I agree to submit to the jurisdiction of the United States District Court, Southern District of New York with respect to the enforcement of the Stipulation of Confidentiality.

_____     _____
         Date

NY1 6526028v 2

8