UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ARNOLD SCHANFIELD, individually and on
behalf of others similarly situated,

                                                  No. 07 CV 9716 (CM) (JCF)

                Plaintiff,

        - against -

SOJITZ CORPORATION OF AMERICA; JUN
MATSUMOTO in his official and individual
capacities; and TAKASHI TSUKADA in his
official and individual capacities,

                Defendants.
----------------------------------------------------------------X

## PLAINTIFF'S ANSWER TO THE COUNTERCLAIMS TO THE FIRST AMENDED CLASS ACTION COMPLAINT OF DEFENDANT SOJITZ CORPORATION OF AMERICA

      Plaintiff Arnold Schanfield ( "Plaintiff"), by and through his undersigned counsel, answers the Counterclaims to the First Amended Complaint of Defendant Sojitz Corporation of America ("Sojitz" or the "Company") according to the numbered paragraphs thereof, as follows:

      1.     Admits the allegations set forth in Paragraph 1 of the Counterclaims.

      2.     Admits the allegations set forth in Paragraph 2 of the Counterclaims.

      3.     Denies the allegations set forth in Paragraph 3 of the Counterclaims, except admits that Plaintiff signed the document attached to the Company's Answer and Counterclaims and that the document speaks for itself.

      4.     Denies the allegations set forth in Paragraph 4 of the Counterclaims and avers that the document speaks for itself.

5. Denies the allegations set forth in Paragraph 5 of the Counterclaims, except avers that Plaintiff's title at Sojitz was Chief Internal Auditor.

6. Denies the allegations set forth in Paragraph 6 of the Counterclaims, except admits that Plaintiff's job duties and responsibilities as Chief Internal Auditor included, among others, identifying areas of potential risk for the Company.

7. Denies the allegations set forth in Paragraph 7 of the Counterclaims and avers that the allegations contain legal argument and conclusion to which no responsive pleading is required.

8. Denies the allegations set forth in Paragraph 8 of the Counterclaims, except avers that Plaintiff performed his duties as Chief Internal Auditor until his employment was unlawfully terminated on May 21, 2007 in retaliation for Plaintiff's numerous reports of discrimination at Sojitz.

9. Denies the allegations set forth in Paragraph 9 of the Counterclaims, except admits that Plaintiff has a personal email address as set forth.

10. Denies the allegations set forth in Paragraph 10 of the Counterclaims.

11. Denies the allegations set forth in Paragraph 11 of the Counterclaims, except avers that during the course of his employment, Plaintiff requested, from time to time, that his assistant make copies of his work product for legitimate purposes.

12. Denies the allegations set forth in Paragraph 12 of the Counterclaims.

13. Denies the allegations set forth in Paragraph 13 of the Counterclaims.

14. Denies the allegations set forth in Paragraph 14 of the Counterclaims.

15. Denies the allegations set forth in Paragraph 15 of the Counterclaims,

except admits that on August 23, 2007, Defendant's counsel corresponded with Plaintiff's counsel, and the document speaks for itself.

16. Denies the allegations set forth in Paragraph 16 of the Counterclaims, except admits that on November 29, 2007, Defendant's counsel corresponded with Plaintiff's counsel, and the document speaks for itself.

17. Denies the allegations set forth in Paragraph 17 of the Counterclaims, except avers that Plaintiff's counsel responded on January 11, 2008, and the document speaks for itself.

18. Denies the allegations set forth in Paragraph 18 of the Counterclaims.

## FIRST COUNTERCLAIM

19. Plaintiff repeats and incorporates by reference herein his responses to the allegations set forth in Paragraphs 1 through 18 of the Counterclaims as set forth above.

20. Denies the allegations set forth in Paragraph 20 of the Counterclaims.

21. Denies the allegations set forth in Paragraph 21 of the Counterclaims.

22. Denies the allegations set forth in Paragraph 22 of the Counterclaims.

23. Denies the allegations set forth in Paragraph 23 of the Counterclaims.

## SECOND COUNTERCLAIM

24. Plaintiff repeats and incorporates by reference herein his responses to the allegations set forth in Paragraphs 1 through 23 of the Counterclaims as set forth above.

25. The allegations set forth in Paragraph 25 of the Counterclaims, constitute legal argument and conclusion to which no responsive pleading is required; to the extent a response is required the allegations are denied.

26. The allegations set forth in Paragraph 26 of the Counterclaims, constitute legal argument and conclusion to which no responsive pleading is required; to the extent a response is required the allegations are denied.

27. Denies the allegations set forth in Paragraph 27 of the Counterclaims.

28. Denies the allegations set forth in Paragraph 28 of the Counterclaims.

29. Denies the allegations set forth in Paragraph 29 (incorrectly numbered as Paragraph 28) of the Counterclaims.

### THIRD COUNTERCLAIM

30. Plaintiff repeats and incorporates by reference herein his responses to the allegations set forth in Paragraphs 1 through 29 (incorrectly identified as Paragraphs 1 through 28) of the Counterclaims as set forth above.

31. Denies the allegations set forth in Paragraph 31 (incorrectly numbered as Paragraph 30) of the Counterclaims.

32. Denies the allegations set forth in Paragraph 32 (incorrectly numbered as Paragraph 31) of the Counterclaims.

33. Denies the allegations set forth in Paragraph 33 (incorrectly numbered as Paragraph 32) of the Counterclaims.

34. Denies the allegations set forth in Paragraph 34 (incorrectly numbered as Paragraph 33) of the Counterclaims.

35. Denies the allegations set forth in Paragraph 35 (incorrectly numbered as Paragraph 34) of the Counterclaims.

36. Denies the allegations set forth in Paragraph 36 (incorrectly numbered as Paragraph 35) of the Counterclaims.

37. Denies the allegations set forth in Paragraph 37 (incorrectly numbered as Paragraph 36) of the Counterclaims.

38. Denies the allegations set forth in Paragraph 38 (incorrectly numbered as Paragraph 37) of the Counterclaims.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Defendant Sojitz's Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Defendant Sojitz's Counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Defendant Sojitz's Counterclaims are barred, in whole or in part, by the doctrine of estoppel, laches, waiver and unclean hands.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Defendant Sojitz's Counterclaims are barred, in whole or in part, by lack of consideration.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. Defendant Sojitz's Counterclaims are barred, in whole or part, by the doctrine of fraud.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. If Plaintiff engaged in any of the acts alleged in the Counterclaims, although such is denied hereby and herein, then such acts were protected activity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7. If Plaintiff is in possession of confidential or proprietary documents and/or information belonging to Sojitz, although such is denied hereby and herein, such documents and/or information document the discriminatory practices at Sojitz.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8. If Plaintiff is in possession of confidential or proprietary documents and/or information belonging to Sojitz, although such is denied hereby and herein, such documents and/or information do not constitute trade secrets.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9. If Plaintiff did injure Sojitz as alleged in the Counterclaims, although such is denied hereby and herein, Sojitz cannot demonstrate facts sufficient to warrant an injunction and/or compensatory, restitution, or punitive damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10. Any alleged harm that may be suffered by Sojitz has not been caused by Plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11. Defendant Sojitz's Counterclaims are barred, in whole or in part, by its failure to make reasonable efforts to mitigate any alleged damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12. Defendant Sojitz's Counterclaims are barred, in whole or in part, by the culpable conduct of Defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DFENSE

13.  Defendant's Sojitz's Counterclaims are frivolous, unreasonable, and groundless and, accordingly, Plaintiff should recover all costs and attorneys' fees incurred herein.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14.  Defendant Sojitz's Counterclaims are barred, in whole or in part, by the statute of frauds.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

15.  Plaintiffs reserve the right to assert such additional affirmative defenses that may appear applicable during the course of this litigation.

WHEREFORE, Plaintiff demands judgment dismissing the Counterclaims, and awarding him his costs and disbursements, including reasonable attorneys' fees, and such other, further and additional relief as this Court may deem just and proper.

Dated: April 28, 2008
       New York, New York

THOMPSON WIGDOR & GILLY LLP

By: _____
    Douglas H. Wigdor
    Kathryn J. Webber

350 Fifth Avenue, Suite 5720
New York, NY  10118
Telephone:   (212) 239-9292
Facsimile:   (212) 239-9001

COUNSEL FOR PLAINTIFF AND
PROPOSED CLASS COUNSEL