UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

ARNOLD SCHANFIELD, individually and on behalf of others similarly situated,

      Plaintiff,

   against

SOJITZ CORPORATION OF AMERICA; JUN MATSUMOTO in his official and individual capacities; and TAKASHI TSUKADA in his official and individual capacities,

      Defendants.
------------------------------------------------------------ X

No. 07 CIV. 9716 (CM) (JCF)

**ORDER GRANTING FORENSIC ANALYSIS OF PLAINTIFF'S PERSONAL COMPUTER HARD DRIVE**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/08

**IT IS HEREBY ORDERED** that the following protocol shall govern the forensic analysis of Plaintiff Arnold Schanfield's personal computer hard drive:

### 1. Imaging

The Vendor will image Plaintiff's home computer hard drive within ten (10) days of this Order based on the imaging parameters agreed upon by the parties after consultation with the Vendor. Plaintiff will make his computer available at his home for imaging by the Vendor within this ten-day period.

### 2. Segregation

All e-mails sent to or from members of Plaintiff's family other than Plaintiff will be segregated and not searched in any manner. Any non-e-mail electronic documents, whether Word, Excel, etc. will be segregated and not searched unless such document is an attachment to an e-mail from Plaintiff. The Vendor will run the Parties' agreed upon search terms attached as Exhibit A to this Order on the remaining emails and attachments. Any material not containing the search terms will be segregated and not further searched. The emails and/or attachments sent by Plaintiff, whether extant, fragmented or deleted, containing the search terms, will be hereafter referred to as the "Relevant ESI."

Any question by the Vendor concerning the imaging or search of Plaintiff's electronically stored information from his home computer will be addressed to Plaintiff, with an email to Defendants notifying them that a question has been posed to Plaintiff. Plaintiff will notify Defendants within one (1) business day of receipt of the Vendor's question of the specific question asked, except that where the specific question reveals information that is privileged, or reveals information beyond the agreed-upon scope of relevance set forth in Paragraph 4, below, Plaintiff will provide Defendants with enough detail regarding the information to allow

Defendants to challenge the privilege designation or relevance objection. The Parties will come to agreement on the response to the Vendor's question, or if they cannot in good faith agree, will submit the question to the Court. The agreed upon or ordered response to the Vendor's question will be communicated to the Vendor by both Parties. The Vendor will have no authority to act on the instruction of either Party alone or to provide any information other than as set forth herein or as mutually agreed by the Parties prior to disclosure.

### 3.   Reports

The Vendor will create a report of the relevant emails providing the following fields: sender, recipient, date sent, subject line, whether the email had an attachment, whether the email was found in deleted space or active file space and the specific search term that resulted in the capture of the email and/or its attachment. This report (the "Field Report") will be provided initially to Plaintiff's counsel who will have the opportunity to redact any privileged information. Within five (5) days of receipt from the Vendor, Plaintiff will produce the Field Report to Defendants. Plaintiffs' redactions will be limited to documents protected by the attorney-client or work product privilege and only to those fields that would purportedly violate the privilege. If the remaining fields are insufficient to allow Defendants to challenge the designation, Plaintiff will provide additional details of the purported communication, as required under Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. Within five (5) days of their receipt of the Field Report, Defendants will send Plaintiff a list of ESI they wish produced (the "Produced ESI". If the Parties cannot in good faith agree on the documents to be produced, they will submit the dispute to the Court.

### 4.   Production

The Vendor will produce to Plaintiff the Produced ESI. Within ten (10) days of Plaintiff's receipt of the Produced ESI, Plaintiff will produce Bates-stamped copies of the non-privileged Produced ESI relevant to Defendants' counterclaims in this action. Any dispute regarding Produced ESI will be negotiated between the Parties, or if they cannot in good faith agree, will be submitted to the Court.

### 5.   Destruction of Imaged Materials

The Vendor will retain the imaged material until the end of the litigation after which it which it will be destroyed or returned to Plaintiff.

SO ORDERED:   _James C. Francis IV_   8/29/08
                U.S.M.J.              Date

NY1 6712827v 3

2

# EXHIBIT A
## Search Terms

action /5 plan
append!
assessment!
audit!
branch /5 visit!
business /5 continuity or process! or risk! or plan!
charter!
code /5 conduct
confidential!
privilege!
contingency /5 plan!
discriminat!
employee! /5 list!
executive /5 summar!
handbook!
harass!
internal /5 audit! or control! or plan!
key /5 performance or competenc!
legal /5 document!
manual!
polic! /5 procedure!
prepared /5 counsel
presentation /5 package!
retaliat!
risk /5 review! or template! or assess! or document! or manual! or questionnaire! or plan! or framework or management
SCA or S.C.A.
Sojitz
strateg!
top /5 risks
ERM & action or append! or assess! or audit! or charter! or code! or confidential! or privilege! or plan! or handbook! or control! or polic! or procedure!
Jun or Matsumoto
Richard or Rich or Paice
Gary or Ferraro
Takashi or Tsukada
NYU or N.Y.U. or New York University & action or append! or assess! or audit! or charter! or code! or confidential or privilege or plan! or handbook! or control! or polic! or procedure!
delet!
destr!
discard!
throw /3 away