Laura H. Allen
Cliff Fonstein
Joanne Seltzer
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for Defendants
Sojitz Corporation of America,
Jun Matsumoto and Takashi Matsumoto

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                          :

ARNOLD SCHANFIELD, individually and on     :   No. 07 Civ. 9716 (CM) (JCF)
behalf of others similarly situated,             :
                                            :
                 Plaintiff,            :
                                            :   **ANSWER OF JUN MATSUMOTO**
        - against -          :   **TO THE SECOND AMENDED**
                                            :   **CLASS ACTION COMPLAINT**
SOJITZ CORPORATION OF AMERICA; JUN     :
MATSUMOTO in his official and individual    :
capacities; and TAKASHI MATSUMOTO in his  :
official and individual capacities,         :
                                            :
                 Defendants.       :
-------------------------------------------------------------- X

      Defendant Jun Matsumoto, by his attorneys, Sidley Austin LLP, as and for its

Answer to Plaintiff's Second Amended Class Action Complaint (the "Complaint"), states as

follows:

           1.      Denies the allegations contained in Paragraph 1 of the Complaint.

           2.      States that the allegations contained in Paragraph 2 of the Complaint

contain no factual averments to which a response is required; and, to the extent factual averments

are made, denies the allegations contained in Paragraph 2.

3.      States that the allegations contained in Paragraph 3 of the Complaint contain no factual averments to which a response is required; and, to the extent factual averments are made, denies the allegations contained in Paragraph 3.

4.      States that the allegations contained in Paragraph 4 of the Complaint constitute legal conclusions as to which no response is required.

5.      States that the allegations contained in Paragraph 5 of the Complaint constitute legal conclusions as to which no response is required, except admits that SCA's principal place of business is located in the Southern District of New York.

6.      Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint.

7.      Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint.

8.      Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

9.      Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

10.      Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint, except admits that Plaintiff is a former Chief Internal Auditor of SCA and that he was employed in the New York office of SCA.

11.      States that the allegations concerning SCA's status as a successor to Nissho Iwai American Corporation and Nichimen Corporation constitute a legal conclusion as to

which no response is required, and admits the remaining allegations contained in Paragraph 11 of the Complaint.

12.    Denies the allegations contained in Paragraph 12 of the Complaint.

13.    Denies the allegations contained in Paragraph 13 of the Complaint, and avers that rotational staff are employees of SCA's Japanese parent company who are sent to work for SCA for a term that is typically from three to five years in duration, that rotational employees have expatriate status while serving on such overseas assignments, and that the national staff are hired locally by SCA, typically for an indefinite term.

14.    Denies the allegations contained in Paragraph 14 of the Complaint.

15.    Denies the allegations contained in Paragraph 15 of the Complaint.

16.    Denies the allegations contained in Paragraph 16 of the Complaint.

17.    Denies the allegations contained in Paragraph 17 of the Complaint.

18.    Denies the allegations contained in Paragraph 18 of the Complaint.

19.    Denies the allegations contained in Paragraph 19 of the Complaint.

20.    Denies the allegations contained in Paragraph 20 of the Complaint.

21.    Denies the allegations contained in Paragraph 21 of the Complaint.

22.    Denies the allegations contained in Paragraph 22 of the Complaint.

23.    Denies the allegations contained in Paragraph 23 of the Complaint.

24.    Denies the allegations contained in Paragraph 24 of the Complaint.

25.    Denies the allegations contained in Paragraph 25 of the Complaint.

26.    Denies the allegations contained in Paragraph 26 of the Complaint.

27.    Denies the allegations contained in Paragraph 27 of the Complaint, and, to the extent that Paragraph 27 of the Complaint purports to paraphrase or interpret a non-

privileged document, SCA respectfully refers the Court to the document referred to in Paragraph 27 for a complete and accurate statement of its contents.

28.    Denies the allegations contained in Paragraph 28 of the Complaint, and avers that, during the ten month period that Plaintiff was employed at SCA, there were a number of non-Asian, non-Japanese individuals in high-level positions and that Plaintiff was one of three Caucasian individuals who were employed as heads of their respective departments.

29.    Denies the allegations contained in Paragraph 29 of the Complaint, and, to the extent that Paragraph 29 of the Complaint purports to paraphrase or interpret a non-privileged document, SCA respectfully refers the Court to the document referred to in Paragraph 29 of the Complaint for a complete and accurate statement of its contents.

30.    Denies the allegations contained in Paragraph 30 of the Complaint.

31.    Denies the allegations contained in Paragraph 31 of the Complaint.

32.    Denies the allegations contained in Paragraph 32 of the Complaint.

33.    States that the allegations contained in Paragraph 33 of the Complaint contain no factual averments to which a response is required; and, to the extent factual averments are made, denies the allegations contained in Paragraph 33 of the Complaint.

34.    States that the allegations contained in Paragraph 34 of the Complaint contain no factual averments to which a response is required; and, to the extent factual averments are made, denies the allegations contained in Paragraph 34 of the Complaint.

35.    States that the allegations contained in Paragraph 35 of the Complaint contain no factual averments to which a response is required; and, to the extent factual averments are made, denies the allegations contained in Paragraph 35 of the Complaint.

36.    States that the allegations contained in Paragraph 36 of the Complaint contain no factual averments to which a response is required; and, to the extent factual averments are made, denies the allegations contained in Paragraph 36 of the Complaint.

37.    Denies knowledge or information as to which policies are the subject of the allegations contained in Paragraph 37 of the Complaint, and avers that SCA's corporate policies, including its EEO policies and Code of Conduct, are formulated by SCA's management and applied consistently to all of its employees.

38.    States that the allegations contained in Paragraph 38 of the Complaint contain no factual averments to which a response is required; and, to the extent factual averments are made, denies the allegations contained in Paragraph 38 of the Complaint.

39.    States that the allegations contained in Paragraph 39 of the Complaint contain no factual averments to which a response is required; and, to the extent factual averments are made, denies the allegations contained in Paragraph 39 of the Complaint and denies knowledge or information sufficient to form a belief as to the qualifications and experience of Plaintiff's counsel and his counsel's ability to meet the time and fiscal demands to litigate an employment discrimination class action.

40.    Denies the allegations contained in Paragraph 40 of the Complaint.

41.    States that the allegations contained in Paragraph 41 of the Complaint contain no factual averments to which a response is required; and, to the extent factual averments are made, denies the allegations contained in Paragraph 41 of the Complaint.

42.    States that the allegations contained in Paragraph 42 of the Complaint contain no factual averments to which a response is required; and, to the extent factual averments are made, denies the allegations contained in Paragraph 42 of the Complaint.

43.     States that the allegations contained in Paragraph 43 of the Complaint contain no factual averments to which a response is required; and, to the extent factual averments are made, denies the allegations contained in Paragraph 43 of the Complaint.

44.     States that the allegations contained in Paragraph 44 of the Complaint contain no factual averments to which a response is required; and, to the extent factual averments are made, denies the allegations contained in Paragraph 44 of the Complaint.

45.     Denies the allegations contained in Paragraph 45 of the Complaint, except admits that Plaintiff began working at SCA as Chief Internal Auditor on July 10, 2006.

46.     Denies the allegations contained in Paragraph 46 of the Complaint.

47.     Denies the allegations contained in Paragraph 47 of the Complaint except admits that Plaintiff held the title of Chief Internal Auditor.

48.     Denies the allegations contained in Paragraph 48 of the Complaint, and avers that, on or about August 8, 2006, Hisashi Akita, an internal auditor employed in the Japanese parent company's Tokyo office, commenced a three month visit to the United States to follow up on the 2005 internal audit he had performed at SCA, and to assist Plaintiff in making the transition to SCA and in understanding the audit processes of the Japanese parent company.

49.     Denies the allegations contained in Paragraph 49 of the Complaint.

50.     Denies the allegations contained in Paragraph 50 of the Complaint, and avers that Defendant Matsumoto participated in the decision to hire Plaintiff and, thereafter, met and corresponded with Plaintiff concerning his work, and urged Plaintiff to communicate with other Executives in the course of his duties.

51.     Denies the allegations contained in Paragraph 51 of the Complaint.

52.     Denies the allegations contained in Paragraph 52 of the Complaint.

53.     Denies the allegations contained in Paragraph 53 of the Complaint, except admits that Plaintiff was not invited to participate in a video conference on or about November 29, 2006 for valid reasons, and avers that Plaintiff was invited to, and encouraged to have, meetings with SCA executives on numerous occasions.

54.     Denies the allegations contained in Paragraph 54 of the Complaint.

55.     Denies the allegations contained in Paragraph 55 of the Complaint.

56.     Denies the allegations contained in Paragraph 56 of the Complaint.

57.     Denies the allegations contained in Paragraph 57 of the Complaint.

58.     Denies the allegations contained in Paragraph 58 of the Complaint, and avers that Plaintiff was not eligible for compensation and benefit schemes available to rotational employees with expatriate status because he was not an expatriate, and could not have been eligible to receive incentive compensation because he was employed at SCA less than one year.

59.     Denies the allegations contained in Paragraph 59 of the Complaint.

**Discrimination in Discipline and Termination**

60.     Denies the allegations contained in Paragraph 60 of the Complaint.

61.     Denies the allegations contained in Paragraph 61 of the Complaint.

62.     Denies the allegations contained in Paragraph 62 of the Complaint.

**Retaliation**

63.     Denies the allegations contained in Paragraph 63 of the Complaint, and avers that it was a fundamental duty of the Chief Internal Auditor to identify and report to SCA's management potential risks he discovered in the performance of his job.

64.     Denies the allegations contained in Paragraph 64 of the Complaint, and avers that a Japanese/American female national employee of a partly-owned subsidiary of SCA,

reported to Plaintiff and Mr. Akita that two male Japanese employees had engaged in inappropriate behavior, that the matter was referred to SCA's Human Resources and Legal Departments who conducted a prompt investigation, and the matter was appropriately resolved.

65. Denies the allegations contained in Paragraph 65 of the Complaint, avers that it was a fundamental duty of the Chief Internal Auditor to identify and report to SCA's management potential risks discovered in the performance of his job, and, to the extent that Paragraph 65 of the Complaint purports to paraphrase or interpret a non-privileged document, respectfully refers the Court to such document for a complete and accurate statement of its contents.

66. Denies the allegations contained in Paragraph 66 of the Complaint, and avers that, in his capacity as Chief Internal Auditor, and as part of his job, Plaintiff published a preliminary risk assessment on or about October 18, 2006, and, to the extent that such document is not a privileged communication, respectfully refers the Court to the document for a complete and accurate statement of its contents.

67. Denies the allegations contained in Paragraph 67 of the Complaint, and avers that Plaintiff prepared the memorandum referred to in Paragraph 67 of the Complaint in his capacity as SCA's Chief Internal Auditor with responsibility to identify and report to SCA's management potential risks discovered in the performance of his job, and to the extent such document is not privileged, SCA respectfully refers the Court to the document for a complete and accurate statement of its contents.

68. Denies the allegations contained in Paragraph 68 of the Complaint, and avers that, on or about March 30, 2007, Plaintiff sent to Defendant Matsumoto and to others a risk assessment report prepared by Plaintiff in his capacity as Chief Internal Auditor, and states

that, to the extent that Paragraph 68 of the Complaint purports to paraphrase or interpret a non-privileged document, SCA respectfully refers the Court to said document for a complete and accurate statement of its contents.

69.      Denies the allegations contained in Paragraph 69 of the Complaint, and avers that any such risk analysis or summary was created by Plaintiff as part of his responsibilities as Chief Internal Auditor, and states that, to the extent that such risk summary is not privileged, SCA respectfully refers the Court to the document for a complete and accurate statement of its contents.

70.      Denies the allegations contained in Paragraph 70 of the Complaint.

71.      Denies the allegations contained in Paragraph 71 of the Complaint.

72.      Denies the allegations contained in Paragraph 72 of the Complaint, and avers that Defendant Matsumoto provided Deloitte & Touche with a copy of Plaintiff's risk assessment for the legitimate purpose of seeking professional advice on the utility of Plaintiff's work product.

73.      Denies the allegations contained in Paragraph 73 of the Complaint.

74.      Denies the allegations contained in Paragraph 74 of the Complaint, except admits that Plaintiff's employment with SCA was terminated on May 21, 2007, and states that the decision to terminate Plaintiff's employment was based solely on legitimate, non-discriminatory grounds relating to his conduct and performance.

75.      Denies the allegations contained in Paragraph 75 of the Complaint, except admits that Defendant Matsumoto was involved in the decision to terminate Plaintiff's employment, and avers that Defendant Matsumoto ceased working at SCA and returned to Japan in March 2007, and was not involved in the decision to terminate Plaintiff's employment.

76.    Denies the allegations contained in Paragraph 76 of the Complaint, except admits that on January 2, 2008, SCA filed counterclaims against Plaintiff alleging breach of contract, breach of fiduciary duty and duty of loyalty, and misappropriation of trade secrets.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Class Claims of Discrimination in Violation of Section 1981 Against Defendant Sojitz)

77.    Responding to Paragraph 77 of the Complaint, repeats and realleges its answers to Paragraphs 1 through 76, inclusive, as if fully set forth herein.

78.    States that the allegations contained in Paragraph 78 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, requires no response from Defendant Matsumoto.

79.    States that the allegations contained in Paragraph 79 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, requires no response from Defendant Matsumoto.

80.    States that the allegations contained in Paragraph 80 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, requires no response from Defendant Matsumoto.

81.    States that the allegations contained in Paragraph 81 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, requires no response from Defendant Matsumoto.

## AS AND FOR A SECOND CAUSE OF ACTION

**(Class Claims of Retaliation in Violation of Section 1981
Against Defendant Sojitz)**

82.    Responding to Paragraph 82 of the Complaint, repeats and realleges its answers to Paragraphs 1 through 81, inclusive, as if fully set forth herein.

83.    States that the allegations contained in Paragraph 83 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, requires no response from Defendant Matsumoto.

84.    States that the allegations contained in Paragraph 84 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, requires no response from Defendant Matsumoto.

85.    States that the allegations contained in Paragraph 85 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, requires no response from Defendant Matsumoto.

86.    States that the allegations contained in Paragraph 86 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, requires no response from Defendant Matsumoto.

## AS AND FOR A THIRD CAUSE OF ACTION

**(Individual Claim of Discrimination in Violation of Section 1981
Against All Defendants)**

87.    Responding to Paragraph 87 of the Complaint, repeats and realleges its answers to Paragraphs 1 through 86, inclusive, as if fully set forth herein.

88.    Denies the allegations contained in Paragraph 88 of the Complaint.

89.    Denies the allegations contained in Paragraph 89 of the Complaint.

90.   Denies the allegations contained in Paragraph 90 of the Complaint.

91.   Denies the allegations contained in Paragraph 91 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

**(Individual Claim of Retaliation in Violation of Section 1981
Against All Defendants)**

92.   Responding to Paragraph 92 of the Complaint, repeats and realleges its

answers to Paragraphs 1 through 91, inclusive, as if fully set forth herein.

93.   Denies the allegations contained in Paragraph 93 of the Complaint.

94.   Denies the allegations contained in Paragraph 94 of the Complaint.

95.   Denies the allegations contained in Paragraph 95 of the Complaint.

96.   Denies the allegations contained in Paragraph 96 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

**(Individual Claim of Discrimination in Violation of New York State Human Rights Law
Against All Defendants)**

97.   Responding to Paragraph 97 of the Complaint, repeats and realleges its

answers to Paragraphs 1 through 96, inclusive, as if fully set forth herein.

98.   Denies the allegations contained in Paragraph 98 of the Complaint.

99.   Denies the allegations contained in Paragraph 99 of the Complaint.

100.   Denies the allegations contained in Paragraph 100 of the Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION

**(Individual Claim of Retaliation in Violation of New York State Human Rights Law
Against All Defendants)**

101.   Responding to Paragraph 101 of the Complaint, repeats and realleges its

answers to Paragraphs 1 through 100, inclusive, as if fully set forth herein.

102.   Denies the allegations contained in Paragraph 102 of the Complaint.

103.    Denies the allegations contained in Paragraph 103 of the Complaint.

104.    Denies the allegations contained in Paragraph 104 of the Complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION

**(Individual Claim of Aiding and Abetting in Violation of New York State Human Rights Law Against Defendant Matsumoto and Defendant Matsumoto)**

105.    Responding to Paragraph 105 of the Complaint, repeats and realleges its answers to Paragraphs 1 through 104, inclusive, as if fully set forth herein.

106.    Denies the allegations contained in Paragraph 106 of the Complaint.

107.    Denies the allegations contained in Paragraph 107 of the Complaint.

108.    Denies the allegations contained in Paragraph 108 of the Complaint.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

**(Individual Claim of Discrimination in Violation of New York City Human Rights Law Against All Defendants)**

109.    Responding to Paragraph 109 of the Complaint, repeats and realleges its answers to Paragraphs 1 through 108, inclusive, as if fully set forth herein.

110.    Denies the allegations contained in Paragraph 110 of the Complaint.

111.    Denies the allegations contained in Paragraph 111 of the Complaint.

112.    Denies the allegations contained in Paragraph 112 of the Complaint.

113.    Denies the allegations contained in Paragraph 113 of the Complaint.

## AS AND FOR A NINTH CAUSE OF ACTION

**(Individual Claim of Retaliation in Violation of New York City Human Rights Law Against All Defendants)**

114.    Responding to Paragraph 114 of the Complaint, repeats and realleges its answers to Paragraphs 1 through 113, inclusive, as if fully set forth herein.

115.    Denies the allegations contained in Paragraph 115 of the Complaint.

116.    Denies the allegations contained in Paragraph 116 of the Complaint.

117.    Denies the allegations contained in Paragraph 117 of the Complaint.

118.    Denies the allegations contained in Paragraph 118 of the Complaint.

## AS AND FOR A TENTH CAUSE OF ACTION

**(Individual Claim of Aiding and Abetting in Violation of New York State Human Rights
Law Against Defendant Matsumoto and Defendant Matsumoto)**

119.    Responding to Paragraph 119 of the Complaint, repeats and realleges its answers to Paragraphs 1 through 118, inclusive, as if fully set forth herein.

120.    Denies the allegations contained in Paragraph 120 of the Complaint.

121.    Denies the allegations contained in Paragraph 121 of the Complaint.

122.    Denies the allegations contained in Paragraph 122 of the Complaint.

123.    Denies the allegations contained in Paragraph 123 of the Complaint.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

**(Class Claims of Discrimination and Harassment in Violation of Title VII
Against Defendant Sojitz)**

124.    Responding to Paragraph 124 of the Complaint, repeats and realleges its answers to Paragraphs 1 through 123, inclusive, as if fully set forth herein.

125.    States that the allegations contained in Paragraph 125 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

126.    States that the allegations contained in Paragraph 126 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

127.    States that the allegations contained in Paragraph 127 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

128.    States that the allegations contained in Paragraph 128 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

### AS AND FOR A TWELFTH CAUSE OF ACTION

**(Class Claims of Retaliation in Violation of Title VII
Against Defendant Sojitz)**

129.    Responding to Paragraph 129 of the Complaint, repeats and realleges its answers to Paragraphs 1 through 128, inclusive, as if fully set forth herein.

130.    States that the allegations contained in Paragraph 130 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

131.    States that the allegations contained in Paragraph 131 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

132.    States that the allegations contained in Paragraph 132 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

133.    States that the allegations contained in Paragraph 133 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

### (Individual Claim of Discrimination in Violation of Title VII
### Against Defendant Sojitz)

134.    Responding to Paragraph 134 of the Complaint, repeats and realleges its answers to Paragraphs 1 through 133, inclusive, as if fully set forth herein.

135.    States that the allegations contained in Paragraph 135 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

136.    States that the allegations contained in Paragraph 136 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

137.    States that the allegations contained in Paragraph 137 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

138.    States that the allegations contained in Paragraph 138 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION

### (Individual Claim of Retaliation in Violation of Title VII
### Against Defendant Sojitz)

139.    Responding to Paragraph 139 of the Complaint, repeats and realleges its answers to Paragraphs 1 through 138, inclusive, as if fully set forth herein.

140.    States that the allegations contained in Paragraph 140 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

141.    States that the allegations contained in Paragraph 141 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

142.    States that the allegations contained in Paragraph 142 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

143.    States that the allegations contained in Paragraph 143 of the Complaint refer to a cause of action that is not against Defendant Matsumoto, and, as such, require no response from Defendant Matsumoto.

<b><u>FIRST AFFIRMATIVE DEFENSE</u></b>

All claims raised, all allegations made and all causes of action asserted in the Complaint against Defendant Matsumoto fail to state a cause of action upon which relief can be granted.

<b><u>SECOND AFFIRMATIVE DEFENSE</u></b>

The Complaint should be dismissed because, at all times relevant hereto, Defendant Matsumoto acted in good faith and did not violate any right that may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

## THIRD AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant Matsumoto with regard to Plaintiff were based on legitimate, nondiscriminatory business reasons, unrelated to Plaintiff's race or national origin.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because of his failure to mitigate his purported damages.

## FIFTH AFFIRMATIVE DEFENSE

Assuming, _arguendo_, while vigorously denying, that Defendant Matsumoto injured Plaintiff, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant compensatory, punitive or exemplary damages.

## SIXTH AFFIRMATIVE DEFENSE

Assuming, _arguendo_, while vigorously denying, that Defendant Matsumoto engaged in any unlawful conduct in relation to Plaintiff's employment, Defendant Matsumoto still would have engaged in the same course of conduct for legitimate, non-discriminatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

The causes of action alleged or alluded to in the Complaint are "frivolous, unreasonable and groundless," within the meaning of Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978), and, accordingly, SCA should recover all costs and attorneys' fees incurred in defending this action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

Defendant Matsumoto has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available. Defendant Matsumoto reserves the right to assert additional separate defenses in the event discovery indicates, or Defendant Matsumoto otherwise becomes aware, that additional defenses would be appropriate.

WHEREFORE, Defendant Matsumoto respectfully requests the Court enter a judgment:

(1) dismissing the Complaint in its entirety with prejudice against Schanfield;

(2) awarding Defendant Matsumoto his costs, expenses and attorneys' fees incurred in defending this action; and

(3) granting such other and further relief as the Court deems just and proper.

Dated: September 3, 2008
     New York, New York

                 SIDLEY AUSTIN LLP

By: _____Laura H. Allen_____

          Laura H. Allen
          Cliff Fonstein
          Joanne Seltzer
          787 Seventh Avenue
          New York, New York 10019
          (212) 839-5300

          Attorneys for Defendants
          Sojitz Corporation of America, Jun
          Matsumoto and Takashi Matsumoto

## CERTIFICATE OF SERVICE

I, Joanne Seltzer, an attorney admitted to practice in the State of New York, and not a party to this action, state under penalty of perjury that on September 3, 2008, I caused a true and correct copy of the foregoing Answer and Counterclaims to the Second Amended Class Action Complaint to be served by electronic and Federal Express delivery upon the following:

> Kate Webber, Esq.
> Thompson Wigdor & Gilly LLP
> 85 Fifth Avenue
> New York, New York 10003

_____
Joanne Seltzer