

# SIDLEY

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK NY 10019
(212) 839 5300
(212) 839 5599 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D C

jsellzer@sidley.com
(212) 839-5985

FOUNDED 1866

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/08
```

November 18, 2008

**By Facsimile (212) 805-7930**

Honorable James C. Francis
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, N.Y. 10007

# MEMO ENDORSED

> Re:   Arnold Schanfield v. Sojitz Corporation of America, et al.
>        Case No.: 07-cv-9716 (CM)

Dear Judge Francis:

We represent Defendants Sojitz Corporation of America ("SCA"), Jun Matsumoto and Takashi Tsukada (collectively "Defendants") in the above-referenced matter. Yesterday, in the late afternoon, without agreement from Defendants and in clear violation of Judge McMahon's scheduling order, Plaintiff blindsided Defendants by submitting a second report from his expert, Dr. Mark R. Killingsworth. The time for submission of such expert reports is long expired, and expert depositions are scheduled for tomorrow, November 19th. For the reasons set forth below, Defendants respectfully request that the Court issue an order precluding Plaintiff from using this unauthorized second expert report in this litigation.

### A.   The Submission of a Second Expert Report Is in Violation of the Court's Scheduling Order.

On July 17, 2007, the Court approved a Civil Case Management Plan, setting a deadline for the filing of Plaintiff's and Defendants' expert reports of May 30, 2008 and June 15, 2008, respectively. (A copy of the Civil Case Management Plan is attached as Exhibit A.) On May 15, 2008, the Court extended these deadlines to July 31, 2008 and August 29, 2008, respectively and again on August 28, 2008 to the final dates of September 30, 2008 and October 15, 2008, respectively. The Court also extended the final deadline for expert discovery to November 30, 2008. (Copies of the May 15, 2008 and August 28, 2008 letters, endorsed by the Court are attached as Exhibits B and C.)

On September 30, 2008, Plaintiff served Defendants with his expert's report and Defendants served their expert's report on October 15, 2008. In compliance with the expert discovery deadlines, the parties exchanged discovery and set expert deposition dates for

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

# SIDLEY

Honorable James C. Francis
November 18, 2008
Page 2

November 19, 2008. Now, on the eve of expert depositions, Plaintiff purports to submit a second expert report, well after the deadline of September 30, 2008  As sole justification for this unauthorized submission, Plaintiff's expert affirms that he was provided with a letter from Defendants' counsel clarifying the salary components of the "base amount" compensation field in the various spreadsheets produced by Defendants to Plaintiff. These spreadsheets, however, were first produced on April 23, 2008, almost six months before the September 30th deadline for Plaintiff's expert report. Plaintiff cancelled the deposition of the individual responsible for creating the spreadsheets, who could have provided answers to the significance of the fields on the spreadsheets, on September 18, 2008, nearly two weeks before that deadline. Plaintiff first sent a letter requesting clarification of the "base amount" field on October 14, 2008, almost six months after he first received the compensation databases and after the deadline for submission of his expert report had passed. (A copy of Plaintiff's October 14, 2008 letter is attached as Exhibit D.) Now, Plaintiff attempts to use his own dilatory behavior as an excuse for violating the Court's Civil Case Management Plan in order to disadvantage his opponents with a last-minute and untimely "redo" of his expert report. Clearly, Plaintiff should not be allowed to unilaterally adjust Court-ordered deadlines in order to take a second bite at the apple after seeing Defendants' expert submission. Plaintiff's conduct makes a mockery of the Civil Case Management Plan.

B.     **The Unauthorized Submission of a Second Expert Report is Prejudicial to Defendants.**

Not only is Plaintiff's submission of a second expert report improper and in blatant violation of the Court's scheduling order, but it is highly prejudicial to Defendants' case.[1] This eleventh-hour submission, one full day before expert depositions and only nine days before the close of expert discovery, deprives Defendants of any fair opportunity to respond. In addition, this late submission makes it impossible for Defendants' expert to even evaluate the new conclusions in the second report before the upcoming depositions on November 19th. This is yet another example of Plaintiff's inexcusable practice of bending and breaking discovery rules to his advantage and to the prejudice of Defendants. Such sharp practice should not be rewarded.

---

[1] We also note that Defendants have already incurred the cost of rebutting Plaintiff's initial expert report as well as the cost of flying their expert from Michigan for his deposition tomorrow.

# SIDLEY

Honorable James C. Francis
November 18, 2008
Page 3

For these reasons, Defendants respectfully request that the Court issue an order precluding Plaintiff from using the Second Expert Report in this litigation.

Respectfully yours,

*Joanne Seltzer*

Joanne Seltzer

cc:   Laura H. Allen, Esq.
Patricia Ronan, Esq. (by facsimile)
Kate Webber, Esq. (by facsimile)

11/19/08

As discussed in today's telephone conference, the expert depositions shall proceed Monday and Tuesday, November 24 and 25, and any application ~~motion~~ to strike an expert report and related testimony shall be made by formal motion.

SO ORDERED.

James C. Francis IV

USMJ